

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARTIN M. ALLEN,

        Plaintiff-Appellant,

v.

KILOLO KIJAKAZI, Acting
Commissioner of Social Security,

        Defendant-Appellee.

No.   22-35411

D.C. No. 1:20-cv-00147-TJC

MEMORANDUM*

Appeal from the United States District Court
for the District of Montana
Timothy J. Cavan, Magistrate Judge, Presiding

Argued and Submitted April 18, 2023
Portland, Oregon

Before: RAWLINSON, BEA, and SUNG, Circuit Judges.

      Martin M. Allen (Allen) appeals the district court's grant of summary

judgment in favor of the Commissioner of Social Security (Commissioner). We

have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the Commissioner's

denial of social security benefits.

---

      \*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

"We review a district court's judgment de novo and set aside a denial of benefits" by an administrative law judge (ALJ) "only if it is not supported by substantial evidence or is based on legal error. . . ." *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022) (citation and internal quotation marks omitted). "Where the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be affirmed." *Id.* (citation omitted). "Even when the ALJ commits legal error, we uphold the decision where that error is harmless, meaning that it is inconsequential to the ultimate nondisability determination, or that, despite the legal error, the agency's path may reasonably be discerned, even if the agency explains its decision with less than ideal clarity." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015), *as amended* (citation, alteration, and internal quotation marks omitted).

**1.**     The ALJ fully considered the relevant medical evidence and sufficiently explained her reasoning in deeming certain opinions less persuasive with respect to Allen's longitudinal history and mental limitations. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).[1]

---

[1] Allen maintains that the ALJ failed to provide controlling weight to the opinions of his treating mental health practitioners. Because Allen filed his application after March 27, 2017, the Social Security Administration's revised regulations apply to the ALJ's denial of benefits, and "[t]he revised social security

(continued...)

**2.** The ALJ provided "specific, clear, and convincing reasons" for discounting Allen's testimony concerning the severity of his mental impairments. *Smartt*, 53 F.4th at 494 (citation omitted). As explained by the ALJ, the objective medical evidence indicated that although Allen "had some ongoing difficulty with irritability and interaction," he could "tolerate occasional interaction with supervisors, coworkers, and the public." This residual functional capacity (RFC) determination was consistent with the moderate mental and social interaction limitations established in the objective medical evidence.

**3.** Allen's contention that the ALJ ignored the lay witness statements and testimony from his sister and former employer is belied by the record. The ALJ not only considered these statements in detail, but relied in part on the testimony of his sister to rule out a medical assessment of mild mental limitations.

**4.** Allen's assertions that, under Social Security Ruling (SSR) 19-4p, the ALJ erred in failing to consider his headaches a severe impairment at step two and failed to properly incorporate limitations resulting from headaches in the RFC determination are unpersuasive. SSR 19-14p specifies that for a  headache

---

[1](...continued)
regulations are clearly irreconcilable with our caselaw according special deference to the opinions of treating and examining physicians on account of their relationship with the claimant." *Woods*, 32 F.4th at 789, 792 (citation omitted).

disorder to be considered a medically determinable impairment, a claimant must present "objective medical evidence," and not "[the claimant's] statement of symptoms, a diagnosis, or a medical opinion." SSR 19-14p, 2019 WL 4169635, at *2 (Aug. 26, 2019). The ALJ was not required to conclude at step two that Allen's headaches were severe because the objective medical evidence did not establish that Allen's headaches are a medically determinable impairment. *See id.*; *see also Hoopai v. Astrue*, 499 F.3d 1071, 1076 (9th Cir. 2007) (explaining that "[t]he regulations guiding the step-two determination of whether a disability is severe is merely a threshold determination of whether the claimant is able to perform his past work").

Even if the ALJ erred at step two, that error was harmless because Allen prevailed at step two. *See Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017). And, "in assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's [medically determinable] impairments, even those that are not severe." *Id.* (citations, alteration, and internal quotation marks omitted). Finally, the ALJ did not err in formulating the RFC because the record does not establish any functional limitations associated with Allen's headaches.

**5.** Allen's argument related to his knee pain also fails because even assuming the ALJ erred in failing to consider his osteoarthritis a severe impairment

at step two, that error was harmless because Allen prevailed at step two. *See id.* And Allen's attorney explicitly disavowed any further argument related to his knee pain.[2]

**AFFIRMED.**

---

[2]    Moreover, Allen raises this issue only briefly and in passing in his briefing.  Counsel for Allen is reminded that all issues must be "specifically and distinctly" raised in the "statement of the issues" section, the "summary of the argument" section, and "the argument" section itself for the issue to be properly presented. *Christian Legal Soc. Chapter of Univ. of Calif. v. Wu*, 626 F.3d 483, 485 (9th Cir. 2010) (citations omitted).